MYRON McKUSICK *vs.* SEYMOUR, SABIN & Co.    (Second Case.)

Argued Dec. 14, 1891.    Decided Jan. 18, 1892.

**Complaint Construed.**—The complaint construed as setting up in behalf of
creditors a cause of action which accrued to the corporation of Seymour,
Sabin & Co. itself, arising out of the act of the corporate officers in as-
suming, without authority from the corporation, and outside of the scope
of their agency, to assign and distribute among stockholders certain cor-
porate assets, (stock in another corporation.)    Hence, *held*, that it is im-
material whether the complainants are prior or subsequent creditors.

**Assets of Insolvent Corporation Converted—How Recovered.**—*Held,*
*also,* that the complaint states a cause of action at least for a technical
conversion of the certificates of the stock assumed to be assigned and
distributed.

Appeal by D. M. Sabin, C. N. Nelson, George R. Finch, and oth-
ers, former stockholders of Seymour, Sabin & Co., from an order of
the district court, Washington county, made July 16, 1891, overrul-
ing their demurrer to the supplemental complaint of the Minnesota
Thresher Manufacturing Company, filed in the insolvency proceeding
pending against said first-named corporation.

This is another supplemental complaint filed under 1878 G. S. ch.
76, § 16, by the Minnesota Thresher Manufacturing Company in the
same action mentioned in the preceding case, *ante,* p. 158.    This
complaint stated that on May 10, 1882, the insolvent corporation
Seymour, Sabin & Co. sold the larger portion of its property and the
good will of its business, and received therefor $2,317,000 in pre-
ferred stock, and $1,500,000 common stock, in a third corporation,
the Northwestern Manufacturing & Car Company, which stock so
received was in the months following May 20, 1882, without author-
ity of any kind from the corporation Seymour, Sabin & Co., distrib-
uted to its stockholders, the defendants; that when so distributed the
preferred stock was worth par, and the common stock 20 per cent.
of its face.    The complaint prayed that the defendants account with
the receiver and the creditors of Seymour, Sabin & Co. concerning
said stock, and pay the same or its value into court, and that the
same be distributed among the creditors *pro rata.*

The defendants appeared, and demurred to this complaint, and it was, like the preceding case, referred to M. D. Grover, Esq., who reported that the demurrers should be overruled, and it was so ordered, and the defendants appealed.

*Horace G. Stone* and *Warner, Richardson & Lawrence*, for appellants.

*Flandrau, Squires & Cutcheon* and *F. B. Kellogg*, for respondent.

MITCHELL, J.   This appeal is from an order overruling a demurrer to another "supplemental complaint" filed by the Minnesota Thresher Company in the sequestration proceeding against the corporation Seymour, Sabin & Co.   The subject is to compel the stockholders to account for certain "stock" in the Northwestern Manufacturing & Car Company, which belonged to Seymour, Sabin & Co., and which is alleged to have been assigned to and distributed among them in 1882, without their paying anything therefor except their own stock in Seymour, Sabin & Co., which they surrendered, and which the officers of that corporation "pretended to cancel and retire." The ambiguous and inconsistent allegations of the complaint leave it somewhat in doubt as to the precise legal ground upon which the pleader intended to plant himself,—whether this transfer and distribution of the "stock" was the act of the corporation Seymour, Sabin & Co., but under circumstances that made it a fraud on its creditors, or whether it was merely the unauthorized act of some of its officers outside the scope of their agency.   But, in view of the allegation that these acts were "entirely without authority of any kind from Seymour, Sabin & Co., or from any meeting of the board of directors of said company, but were contrary to law, and null and void, and of no effect whatever," we must construe the complaint in the latter sense.   If so, then the *stock* always remained the property of the corporation, the appellants having merely gotten possession of the certificates, (which are but the evidences of it,) for the recovery of which the corporation itself might have brought an action.   In this view of the matter, the cause of action now sought to be enforced in behalf of creditors is one which accrued to the corporation in 1882, and, as the allegation is that the "stock" was delivered to the appellants "during the months following the 20th of May, 1882," it

does not appear from the face of the complaint that the cause of action was barred by the statute of limitations.    There is no allegation in the complaint that the appellants have ever transferred the certificates of stock or made any use of them for their own purposes, or have ever realized a dollar on them by way of dividends or otherwise, or ever refused to return them, or that Seymour, Sabin & Co. has ever lost a dollar, or been deprived of any of its rights as a stockholder in the car company, by reason of this unauthorized transfer. It is therefore a little difficult to see how there is anything very important at stake, especially as it appears that the stock itself is now worse than valueless; but the complaint states a cause of action for at least a technical conversion of the certificates of shares, and for that reason the demurrer was properly overruled.    Under our construction of the complaint, it is unimportant whether the parties by whom or in whose behalf this complaint was filed are "prior" or "subsequent" creditors, and it is consequently unnecessary to consider whether the so-called "special preferred stock" issued by Seymour, Sabin & Co. is merely stock or constitutes a debt or obligation of the corporation, for it is only one of many claims held by the thresher company.

Order affirmed.

GILFILLAN, C. J., took no part.

(Opinion published 50 N. W. Rep. 1116.)